**Doris E. PARCELL, Plaintiff-Appellant,**

**v.**

**GOVERNMENTAL ETHICS COMMISSION, STATE OF KANSAS, and Leonard Thomas, et al., Defendants-Appellees.**

**No. 79–1475.**

United States Court of Appeals,
Tenth Circuit.

Argued May 6, 1980.

Decided July 17, 1980.

James Yates, Kansas City, Kan., for plaintiff-appellant.

Dennis D. Prater, Gen. Counsel, Governmental Ethics Commission and Sp. Asst. Atty. Gen., Lawrence, Kan., for defendants-appellees.

Before SETH, Chief Judge, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

## CERTIFICATION OF QUESTION OF STATE LAW TO THE SUPREME COURT OF KANSAS

The United States Court of Appeals for the Tenth Circuit, pursuant to the provisions of K.S.A. 60–3201–3212 inclusive, hereby certifies to the Supreme Court of the State of Kansas the following question of law, which question is wholly and entirely subject to Kansas law, and which is substantially determinative of the above-captioned cause pending before the court. It appears there exists a body of law on the general subject. However, there is no controlling precedent in the decisions of the Supreme Court of the State of Kansas answering the specific question here presented.

The issue is whether the Kansas law having to do with the Governmental Ethics Commission violates the separation of powers doctrine under the Constitution of the State of Kansas.

The Kansas Governmental Ethics Commission, which is created by K.S.A. 25–4119a, has a total of 11 members, five of whom are appointed by the Governor of Kansas, two by the President of the Senate, two by the Speaker of the House of Representatives, one by the Minority leader of the House of Representatives and one by the Minority leader of the Senate. The Commission so constituted is charged with a variety of powers and duties pertaining to the administration and enforcement of the Kansas Campaign Finance Act, K.S.A. 25–4101 *et seq*.

The particular question which has been presented, among others, to this court, and which we hereby submit to the Supreme Court of Kansas, is whether the Governmental Ethics Commission, the majority of which is appointed by legislators, constitutes a usurpation of executive power by the Legislative branch of government and thereby violates the doctrine of separation of powers as the same is recognized as a part of the Kansas State Constitution.

The separation of powers question which is thus submitted arises under Kansas law. There are questions in this case in which the Constitution of the United States is drawn into question, and any jurisdiction that the federal court has is dependent upon the due process of law claims which arise under the Constitution of the United States. However, the predominant question in the case is the separation of power issue described above.

The mentioned federal questions will be considered by this court only if the Supreme Court of Kansas rules that the statute creating the Governmental Ethics Commission is not invalid as being contrary to the Constitution of Kansas.

## STATEMENT OF THE FACTS

Plaintiff published and distributed to some local registered voters an article entitled "Elections without anybody to Vote for:" prior to the 1978 Primary Election in Wyandott County, Kansas. The article contained reprints of various newspaper articles and a signed statement by the plaintiff urging the defeat of Associate District Judge Donnelly and the election by write-in vote of Bill D. Robinson, Jr. The plaintiff filed no statements with the Office of the Secretary of State concerning these transactions. A complaint was filed with the Commission by its Executive Director alleging violation of the Act. The complaint stated:

Doris Parcell violated K.S.A. 1977 Supp. 25–4110 by making contributions or expenditures for the purpose of influencing the nomination or election to State office of Bill D. Robinson, Jr. and Francis Donnelly in an aggregate amount of more than One Hundred Dollars ($100.00), by not making two statements disclosing these transactions and containing information required by K.S.A. 1977 Supp. 25–4108, and by intentionally failing to file the two statements in the Office of the Secretary of State when due. The two statements were due July 25, 1978 and August 11, 1978, respectively, as specified in K.S.A. 1977 Supp. 25–4108. K.S.A.

1977 Supp. 25–4128 provides that the intentional failure to file such statements when due is a Class A misdemeanor. K.S.A. 25–4110 provides:

25–4110. *Reports by certain persons; contents; filing.* Every person, other than a candidate or a candidate committee, party committee, or a political committee, who makes contributions or expenditures, other than by contributions to a candidate or a candidate committee, party committee or political committee in an aggregate amount of one hundred dollars ($100) or more within a calendar year shall make statements containing the information required by K.S.A. 1975 Supp. 25–4108, and file them in the office of the secretary of state so that each such statement is in such office on the day specified in K.S.A. 1975 Supp. 25–4108. Reports made under this section need not be cumulative.

Plaintiff (Doris Parcell) filed this declaratory judgment action attacking the constitutionality of various provisions of the KCFA and the makeup of the Commission seeking a permanent injunction against the defendants enjoining them from further inquiry and proceedings against her in its attempts to compel her to file a disclosure statement. The district court entered judgment for the defendants on stipulated facts.

The stipulated facts which are mentioned above are a part of the record which is forwarded herewith. The district court's opinion is submitted herewith as part of the record. Inasmuch as the plaintiff's contention is that the law creating the Commission is facially unconstitutional under the Kansas Constitution, it is unnecessary to set forth the facts in any further detail. The question submitted is one of pure law.

### THE PARTIES' CONTENTIONS

The plaintiff's argument is that the Commission in its present form in and of itself violates the principle of separation of powers because although there is a majority appointed by members of the legislature, it functions in a predominantly executive manner. Plaintiff argues that this constitutes usurpation of executive power by the legislative department of government and thereby violates the Kansas Constitution. Plaintiff relies on Kansas cases and also on *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976).

The defendants contend that the Act here in question is constitutional under Kansas law for the reason that a perfect separation of powers is not required by the Constitution or laws of Kansas, and that neither in form nor in substance does the Act constitute a usurpation by the legislature, which is the accepted test enunciated in *State ex rel. Schneider v. Bennett*, 219 Kan. 285, 287, 547 P.2d 786, 790 (1976).

### SUBMISSION

Accordingly, the clerk of this court is directed forthwith and without delay to transmit a copy of this Certification to counsel for all parties to the proceedings in this court. The clerk shall also submit to the Supreme Court of the State of Kansas a certified copy of this Certification together with copies of the briefs filed in this court by the parties and either the original or a copy of the record as filed in this court by the clerk of the United States District Court for the District of Kansas in this appeal.

Jurisdiction of the total case, with the exception of this submission, is retained by the court pending disposition of the submitted question by the State of Kansas.